UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUNG C. KAO,<br>CDCR #J-56314,<br><br>        Plaintiff,<br><br>  vs.<br><br>ROBERT COBB, et al.,<br><br>        Defendants. | Case No.: 3:17-cv-01851-CAB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

  CHUNG C. KAO ("Plaintiff"), a California prisoner currently incarcerated at San Quentin State Prison ("SQ"), and proceeding pro se, has filed a civil complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

  Plaintiff claims officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his First Amendment rights while he was incarcerated there between October 2009 and July 2011. *Id.* at 2-10. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a

1

Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

I. **Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a certified copy of his prison trust account statements, as well as a prison certificate, verified by an accounting officer at SQ pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 4-7; *Andrews*, 398 F.3d at 1119. These statements shows that Plaintiff had an average monthly deposit of $28.43 and an average monthly balance of $30.96 in his trust account during the 6-month period preceding the filing of his Complaint, as well as a $10 available balance at the time of filing. Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $6.19 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

## II. Screening pursuant to 28 U.S.C. § 1915A

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, also requires the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program,"

"as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to the PLRA, the Court must conduct a preliminary review of prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

   B. <u>Plaintiff's Allegations</u>

As noted above, Plaintiff claims his First Amendment rights were violated by RJD officials while he was incarcerated there between October 2009 and July 2012. *See* ECF No. 1 at 2-10. Specifically, in "Count 1," Plaintiff claims RJD officials Paramo, Cobb, Balakian, Alamby, and Wright "conspired," "stonewalled," and obstructed his access to the inmate appeals system by wrongfully cancelling, rejecting, and discarding his grievances, "ransacking" his cell in 2011, and filing a "false charge of inmate theft/dishonesty" against him in January 2012, in order to remove him from his job as a library clerk and to retaliate against him for exercising his right to petition for redress. *Id.* at 3-9.

In "Count 2," Plaintiff alleges Scott Kernan, the current Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), violated his "right under the state law to have [his] dismissed disciplinary reports removed from his file," *id.* at 10, and that the "false charge of 'inmate theft/dishonesty'" remained in his file when he was denied parole on or about September 23, 2016. *Id.* at 8.

///

Plaintiff seeks $275,000 in general and punitive damages "jointly and severally" against Defendants Cobb, Paramo, Balakian, Alamby, and Wright, and injunctive relief in the form of an order "enjoining [the] CDCR to remove, immediately, any references to Rules Violation Report No. RJDCF-FA-12-017 from [his] prison file." *Id.* at 13.

C. Discussion

Plaintiff previously raised, and for more than four years has continually litigated, these same claims against the same primary RJD and CDCR Defendants, in a separate civil action which remains pending before this Court. *See Kao v. Cobb,* et al., S.D. Cal. Civil Case No. 3:12-cv-01879-CAB-BLM (hereafter "*Kao I*").[2] In fact, Plaintiff admits the "false defamatory documentation" claims in his current Complaint are "also a subject

---

[2] Plaintiff's pleadings in *Kao I* all include reference to Defendants K. Balakian, RJD's Supervisor of Correctional Educational Programs, A. Alamby, a Correctional Lieutenant, and C. Wright, a RJD Correctional Officer, but he has never named them as Defendants in that case. *See Kao I*, ECF Nos. 1, 9, 62. The only additional party named in his new case who not previously named in *Kao I* is the current Secretary of the CDCR, Scott Kernan, whom Plaintiff seeks to sue only in his official capacity, and based on claims that Kernan is the official currently "required by state law to maintain complete and accurate records." *See* ECF No. 1 at 2, 10. While Plaintiff acknowledges *Kao I* is currently "pending in this Court," *id.* at 12, he does not explain how or why he never named, nor sought leave to amend his pleadings in *Kao I* to name these new parties as Defendants in that action. Instead, Plaintiff appears to have chosen to initiate this entirely new and separate civil action on September 11, 2017, alleging the same First Amendment retaliation claims, but more than six years after the events giving rise to those claims occurred, in an attempt to join additional parties to his previously-filed and still pending case. This litigation strategy is impermissible, however, insofar as it blatantly circumvents the Federal Rules of Civil Procedure and disregards this Court's January 9, 2017 Scheduling Order in *Kao I*, which required "all pre-trial motions, other than *Daubert* motions, motions to amend or join parties, or motions in limine," to be "filed on or before August 21, 2017." *See Kao I*, ECF No. 80 at 3. Where a pretrial scheduling order has established a timetable for amending the pleadings, a request to amend the pleadings made after the deadline has expired is properly addressed pursuant to Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir.1992)). Pursuant to Federal Rule of Civil Procedure 16(b), a plaintiff seeking to amend his complaint must show good cause for not having amended his complaint prior to the deadline set forth in the scheduling order. *Id.* The Ninth Circuit has explained that "[t]his standard 'primarily considers the diligence of the party seeking the amendment.'" *Id.* (quoting *Johnson*, 975 F.2d at 609); *see also Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1232 (C.D. Cal. 2007). Thus, even if the Court were to construe Plaintiff's newly filed Complaint in this case as a request to file a Third Amended Complaint in *Kao I* to join Defendants Balakian, Alamby, Wright, and Kernan as a parties, that Motion would be denied because Plaintiff has "utterly failed to show good cause" or any "extraordinary circumstances" which might explain his dilatory efforts to amend so late in the game. *Johnson*, 975 F.2d at 610.

of case number 12cv1879 CAB (BLM) before this Court." *See* ECF No. 1 at 5. A court may also "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Here, the Court takes judicial notice of Plaintiff's pending civil action in *Kao I*. In the original Complaint filed in that case, filed while Plaintiff was still incarcerated at RJD in July 2012, he alleged Defendants Paramo and Cobb violated his First Amendment right to petition for redress from March 8, 2011 through May 27, 2012, by refusing to "accept or respond to," and by "discard[ing]" his successive inmate appeals. *See Kao I*, ECF No. 1 at 3-4. In *Kao I*, Plaintiff specifically claimed that during that time, on August 8, 2011, Defendant Cobb entered a false CDC Form 128-A Custodial Counseling Chrono in his prison file alleging Plaintiff's "abuse" of the inmate appeals system, and his efforts to "intimidate, threaten, harass, manipulate, and unlawfully influence staff for personal reasons." *Id.* at 6. Plaintiff claimed Cobb "intended [the CDC 128-A] to be disciplinary and to prejudice the parole board." *Id.* at 6.[3] On January 3, 2012, Plaintiff further claimed Cobb "instigated" his removal from a law library clerk job by filing a "false disciplinary charge of 'unauthorized use of office equipment to make personal copies.'" *Id.* at 8. Plaintiff was "found guilty," but the "charge was dismissed on review by the chief disciplinary officer." *Id.* Plaintiff's original Complaint in *Kao I* sought monetary damages and injunctive relief preventing Defendants from "maintaining in [his] central file the Informational Chrono, CDC Form 128-B, authored by [] Cobb dated August 8, 2011." *Id.* at 12.

///

---

[3] Plaintiff further alleged Cobb cancelled his initial attempts to file "an inmate appeal of the 128-B chrono," but also claims he later exhausted this "staff complaint" to the third and final level of administrative review. The CDCR, however, "refuse[d] to address Plaintiff's request to expunge the 128-B chrono. *Kao I*, ECF No. 1 at 7.

Plaintiff filed a First Amended Complaint ("FAC") in *Kao I* on December 14, 2012, which re-alleged the claims in his original, and which also sought to add the CDCR as the Defendant "responsible for … the contents of the inmate records it maintains." *See Kao I*, FAC, ECF No. 9 at 1-2, 10, 12. Plaintiff's FAC amended his request for injunctive relief to include the "expunge[ment]" of Cobb's August 8, 2011 CDC Form 128-B from his prison file, *or* an order requiring that the CDCR "file [his] inmate appeal dated January 31, 2012" as a "statement of disagreement annexed to it." *Id.* at 14. Finally, Plaintiff's FAC sought to "vacate any decision by the parole board to deny parole to Plaintiff that is rendered with the chrono present." *Id.*

On March 29, 2013, the Court granted Defendants' Motion to Dismiss the CDCR as a party on Eleventh Amendment grounds, and stayed the case while proceedings related to Plaintiff's related and simultaneously-filed writ of mandate remained pending in *Kao v. California Dept. of Corr. and Rehab.*, San Diego Superior Court Case No. 37-2011-00095095-CU-WM-CTL. *See Kao I*, ECF No. 29. After the stay was lifted on January 22, 2015, Plaintiff filed a Motion for leave to amend, seeking to file a Second Amended Complaint ("SAC") adding former CDCR Secretary Jeffrey Beard as a Defendant. *Id.* at 45, 52. On July 30, 2017, the Court granted Plaintiff's Motion and permitted him to file his SAC, this time naming Cobb, Paramo, and Beard as Defendants. *See* ECF Nos. 61, 62.

Plaintiff's SAC in *Kao I*, which remains the operative pleading in that case, differs from his FAC only insofar as it substitutes the Secretary of the CDCR (Beard) as a party in lieu of the CDCR itself. *See* ECF No. 9; ECF No. 62.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). "[I]n assessing whether [a] second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487

F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

As discussed above, the allegations raised in three successive pleadings in *Kao I* are virtually identical to those Plaintiff now seeks to re-litigate in this newly-filed civil action. Therefore, the Court must dismiss this duplicative and subsequently filed case as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Lopez*, 203 F.3d at 1127. "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *See Lopez v. Smith* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

## III. Conclusion and Order

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the initial filing fee assessed in this Order, if sufficient funds exist, and to thereafter collect whatever remains of the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forward those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), but without prejudice to Plaintiff's pursuit of whatever claims remain in *Kao v. Cobb, et al.,* S.D. Cal. Civil Case No. 3:12-cv-01879-CAB-BLM.

5. **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: January 8, 2018

Hon. Cathy Ann Bencivengo
United States District Judge